1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

YIH-LING SHIEH WU,

                Plaintiff,

vs.

HOME DEPOT U.S.A., INC.,

                Defendant.

NO.  C13-955-JPD

ORDER DENYING HOME DEPOT'S
MOTION FOR PARTIAL
SUMMARY JUDGMENT

I.      INTRODUCTION AND SUMMARY CONCLUSION

On June 1, 2010, plaintiff Yih-Ling Shieh Wu was injured while shopping at defendant Home Depot's Bellevue store, when a rug rack was closed on her by a store employee.  Dkt. 16 at 2; Dkt. 18 at 2.  Plaintiff contends, among other things, that she suffered temporomandibular joint disorders ("TMJ/TMD") as a consequence of the incident.  *Id*.  Defendant moves for partial summary judgment to dismiss plaintiff's claims that she suffered TMJ arguing plaintiff provided no medical evidence that her TMJ/TMD is causally related to the accident.  Dkt. 16 at 1.  Plaintiff opposes defendant's motion.  Dkt. 18.  For the reasons set forth below, defendant's motion for partial summary judgment is DENIED.

ORDER - 1

II.     BACKGROUND

Defendant Home Depot is a retailer of home improvement and construction products and services.  Defendant's inventory of products includes floor rugs.  At the defendant's Bellevue store, the floor rugs are hung up on individual swiveling metal arms, allowing shoppers to view particular rugs by swinging the arms to one side and then going between the rugs to view the quality and texture of the rugs.  Dkt. 17 at 7.  The hanging rugs are held up by hanging metal bars, on a metal base with rollers.  Dkt. 18 at 2.

On June 1, 2010, plaintiff Yih-Ling Shieh Wu was shopping at Home Depot's Bellevue store intending to purchase a floor rug.  *Id.*   While plaintiff was viewing several racks of hanging rugs, she saw a particular rug that she wanted to inspect closer.  *Id.*  In doing so, plaintiff spread the rugs apart, faced inward, and stood adjacent to the outside hanging metal bars.  *Id.*  As plaintiff was inspecting the rug, an unidentified male employee of defendant's pushed the hanging rugs together, striking plaintiff in the right side of her face, her right hip, and her right foot.  *Id.*  Plaintiff claims, among other things, that as a result of being struck, she suffered TMJ/TMD.  *Id.*

On May 6, 2013, plaintiff filed a complaint for personal injuries and damages based on a negligence claim against defendant in King County Superior Court.  Dkt. 2 at 5-9.  On June 3, 2013, the defendant removed this case to the U.S. District Court for the Western District of Washington.  Dkt. 1.  On June 28, 2013, plaintiff filed a motion to remand the proceeding back to King County Superior Court, which was denied.  Dkt. 11.  On September 13, 2013, the case was reassigned to the undersigned upon the parties' consent in their Joint Status Report.  Dkt. 13.

III.    LEGAL ISSUE

Whether there is medical evidence that plaintiff's TMJ/TMD is related to the alleged accident on June 1, 2010, such that plaintiff can withstand defendant's motion for partial summary judgment?

IV.    DISCUSSION

A.    Legal Standard for Summary Judgment

A moving party is entitled to summary judgment when there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  An issue of fact is "genuine" if it constitutes evidence with which "a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  That genuine issue of fact is "material" if it "might affect the outcome of the suit under the governing law."  *Id.*

B.    Plaintiff Has Provided Sufficient Medical Evidence to Raise a Genuine Issue of Material Fact that She Suffered from TMJ/TMD and Her TMJ/TMD Was Related to the Accident on June 1, 2010

Defendant argues that Washington substantive law requires a plaintiff to present medical expert testimony to prove causation between an accident and alleged injury.  Dkt. 16 at 5 (citing *Miller v. Stanton*, 365 P.2d 333, 337 (Wash. 1961)).  Defendant further argues that plaintiff fails to present medical testimony or other medical testimony in this case to relate her TMJ/TMD to the incident at Home Depot on June 1, 2010, and calls on this Court to reject the diagnosis by plaintiff's dentist Dr. Marijoyce Leynes, D.D.S., as insufficient to meet the medical evidentiary standards required of plaintiff.  *Id.* at 6.

Under Washington law, a plaintiff must present medical expert testimony to prove causation between an accident and alleged injury.  *Miller*, 365 P.2d at 337.  For an expert to

meet this requirement, an expert should typically possess a valid license to practice medicine and/or a valid license to provide medical diagnosis.  RCW 18.71.021.

Dr. Leynes is qualified to offer expert medical testimony regarding TMJ/TMD because a dentist must possess a valid license to practice medicine within the State of Washington and can treat and/or provide medical diagnosis as to TMJ/TMD.  *See* RCW 18.32.091; RCW 18.32.020.  TMJ/TMD is a condition that occurs as a result of problems with the jaw, jaw joint, and surrounding facial muscles that control chewing and moving the jaw or with problems related to the hinge joint that connects the lower jaw (mandible) to the temporal bone of the skull.  *See* WEBMD, Temporomandibular Disorders (TMD), http://www.webmd.com/oral-health/guide/temporomandibular-disorders (last visited Jun. 26, 2014).  Under Washington law:

> a person practices dentistry, within the meaning of this chapter, who (1) represents himself or herself as being able to diagnose, treat, remove stains and concretions from teeth, operate or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the human teeth, alveolar process, gums, or jaw, or (2) offers or undertakes by any means or methods to diagnose, treat, remove stains or concretions from teeth, operate or prescribe for any disease, pain, injury, deficiency, deformity, or physical condition of the same, or take impressions of the teeth or jaw . . . .

RCW 18.32.020 (emphases added).

Here, plaintiff has provided medical evidence, in the form of a medical report by Dr. Leynes, which raises a genuine issue of material fact as to whether her TMJ/TMD was caused by the incident on June 1, 2010.  In her medical report, Dr. Leynes diagnosed plaintiff with TMJ/TMD.  *See* Dkt. 19 at 26.  Specifically, on April 11, 2012, Dr. Leynes examined plaintiff regarding pain in plaintiff's jaw.  After examining plaintiff, Dr. Leynes wrote a medical report verifying that plaintiff "can't eat hard foods," "[has] pain in [her] jaws," and that her pain is "aggravated by eating hard foods."  *Id*. at 23.  Moreover, the report indicated that the injuries

stem from plaintiff's "Injury [in] June 2010 – @ Home Depot: shoulder, neck, back, TMJ." *Id.* As a result, Dr. Leynes concluded that plaintiff had TMJ/TMD. *Id.* at 26. Therefore, Dr. Leynes' report provides enough evidence to connect plaintiff's TMJ/TMD to the injuries plaintiff suffered on June 1, 2010.

Furthermore, there is no indication plaintiff had a preexisting TMJ/TMD injury. While defendant argues Dr. Leynes concluded that "plaintiff has TMJ/TMD secondary to parafunction," and argues that this indicates that plaintiff's TMJ/TMD is not related to the incident at Home Depot, after a review of Dr. Leynes' report, the Court finds no indication that Dr. Leynes made such a finding. What defendant points to is a statement in Dr. Leynes' report indicating "MPD 2$^{\text{o}}$ parafunc." *Id.* Although defendant interprets "2$^{\text{o}}$" as "secondary" there is no indication that Dr. Leynes meant "secondary" by inserting this symbol into her notes. Typically in technical or scientific literature, a superscript "$^{\text{o}}$" symbolizes "degree" and therefore the note "2$^{\text{o}}$" can mean "2nd degree." *See* United States Government Printing Office, Style Manual, http://www.gpo.gov/fdsys/pkg/GPO-STYLEMANUAL-2008/pdf/GPO-STYLEMANUAL-2008-12.pdf (last visited Jun. 30, 2014); *see also* NIST, NIST Guide to the SI, http://physics.nist.gov/Pubs/SP811/sec07.html (last visited Jun. 30, 2014). Therefore, the Court declines to adopt defendant's interpretation of Dr. Leynes' medical notes, and believes Dr. Leynes is in the best position to provide testimony as to what she meant. Whether Dr. Leynes' opinions are credible is up to the jury to decide. *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1192 (9th Cir. 2000) ("Weighing the credibility of conflicting expert witness testimony is the province of the jury.").

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

V.   CONCLUSION

Defendant's motion for partial summary judgment is (Dkt. 16) is DENIED.

DATED this 2nd day of July, 2014.

_James P. Donohue_

_____
JAMES P. DONOHUE
United States Magistrate Judge

ORDER - 6